IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **BERNADETTE PHARR, as Personal Representative of the Estate of Jeffrey Tucker,** ] ] ] ] | |
| Plaintiff, ] | |
| ] | CV-15-BE-1362-E |
| v. ] | |
| ] | |
| **JIMMY HARRIS, et al.,** ] | |
| ] | |
| Defendant. ] | |

### MEMORANDUM OPINION

This matter is before the court on "Defendant, the Estate of Allen Kay's Motion to Dismiss" (doc. 28); this court's "Order" to show cause in writing why the court should not grant the Estate's motion to dismiss (doc. 30); and "Plaintiff's Motion to Alter or Amend Judgment as to Order Dismissing Wrongful Death Claim against Smith and Response in Opposition to the Dismissal of Plaintiff's Wrongful Death Claim against the Estate of Allen Kay" (doc. 33). For the reasons stated in this Memorandum Opinion, the court FINDS that the Kay Estate's motion to dismiss Count II's claims against it is due to be GRANTED and that the Plaintiff's motion to alter or amend is due to be DENIED.

The court will first address the motion to alter or amend its previous ruling. A motion to alter or amend under Fed. R. Civ. P. 59 does not provide a mechanism for a dissatisfied party to re-litigate a matter. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been

1

Case 1:15-cv-01362-KOB   Document 35   Filed 04/21/16   Page 2 of 5

raised prior to the entry of judgment"). The Eleventh Circuit has recognized two grounds for granting a Rule 59 motion: "[1] newly-discovered evidence or [2] manifest errors of law or fact." *Id.* at 1343 (quoting *In re Kellogg,* 197 F.3d 116, 119 (11th Cir. 1999)). The Eleventh Circuit Court of Appeals and district courts under its authority have recognized that an intervening change in controlling law is also a ground for reconsideration and an exception to the law of the case doctrine. *See, e.g., Summit Medical Center of Alabama, Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (addressing a Rule 59 motion); *Oliver v. Orange Cnty., Fla.,* 456 F. App'x 815, 818 (11th Cir. 2012) (listing the following exceptions to the law of the case doctrine, allowing a district judge to reconsider a prior ruling: "(1) new evidence; (2) an intervening change in the law that dictates a different result; or (3) that the prior decision was clearly erroneous and would result in manifest injustice.").

In the instant case, the Plaintiff has not demonstrated that any one of these grounds exists. Her counsel has cited an Alabama case dated 2000, which does not represent an intervening change in law, and which addressed state-agent immunity for *physicians*, not the issue addressed here: State sovereign immunity for *deputy sheriffs* under Article I, § 14 of the Constitution of the State of Alabama, and Ala. Code §§ 36-22-3(5), 15-6-1, and 14-6-19. The Plaintiff acknowledges that both Defendants Smith and Kay had deputy sheriff certification ("APOST" Certification through the Alabama Peace Offers' Standards and Training Commission) during the relevant period and further acknowledges that immunity extends for their actions performed within the course and scope of their employment as deputy sheriffs. Despite the fact that § 14-6-19 reflects that the sheriff's statutory duties include furnishing "necessary medicines and medical attention to those who are sick or injured" at the county jail, nevertheless, the Plaintiff argues that immunity should

2

not extend to duties that are medical in nature, even when performed by those with deputy sheriff certification. In arguing that a "medical duties" exception should exist to the immunity provided to sheriffs and deputy sheriffs, the Plaintiff provided no support for this argument in the Alabama Constitution, or in Alabama statutory law, or in the Alabama decisions interpreting them.

This federal court cannot and will not carve out a new exception to Alabama's grant of immunity to deputy sheriffs. And, where no ambiguities currently exist in that law and no substantial doubt exists about the answer to a material state law issue, the court sees no reason to certify this issue to the Alabama Supreme Court, an option that the Plaintiff mentions in her motion.[1] *See Johnson v. Conner,* 720 F.3d 1311, 1313-14 (11th Cir. 2013) (certifying questions of state law to the Alabama Supreme Court "[b]ecause this appeal depends on questions of unsettled Alabama law, and because we believe substantial doubt exists about the answer to a material state law question upon which the case turns . . . ."). The court understands that the Plaintiff feels that the current immunity law applies unfairly to her in this case, but this federal court must apply Alabama law as it exists. The court notes that Count I's claim remains: a federal claim brought pursuant to § 1983 against Smith and others for alleged deliberate indifference to Tucker's serious medical need in violation of the United States Constitution.

Finding that the Plaintiff has not demonstrated any reason for altering or amending the order dismissing Count II against deputy sheriff Smith, the court FINDS that the motion to alter or amend is due to be DENIED.

---

[1] In her motion, the Plaintiff states "that if there is a a [sic] substantial question of state law, it is appropriate to certify the question to the Alabama Supreme Court." (Doc. 33, at 4). However, her motion requests that the court reconsider its dismissal of Count II's claim against Smith and allow the same claim against Kay to proceed; she does not specifically request that this court certify such a question to the Alabama Supreme Court.

As to the motion to dismiss Count II's claim against the Estate of Allen Kay, the court FINDS that the motion is due to be GRANTED for the same reasons that it granted Smith's motion.  No dispute exists that Allen Kay was an APOST-certified deputy sheriff; the affidavit of Michael Edmondson (doc. 7-1) stated that Kay was a deputy with the sheriff's office during the relevant period in September of 2013 referenced in the Complaint.  Further, no dispute exists that Kay's duties included

> identifying treatment(s) for inmate medical needs and perform treatment(s) as deemed necessary.  When medical needs dictate, determine need for physician or other medical treatment(s), i.e. hospitalization.  Maintain medical records and files and document[ ] all medical related information regarding inmates and acting [as] a nurse (RN) assigned to the DeKalb County Jail, providing medical assistance to the inmates within the jail and acting as a supervisor of the medical staff.

(Doc. 7-1, at 3 paragraph 4).

In the Memorandum Opinion addressing Deputy Smith's motion to dismiss (doc. 21), this court found that providing medical attention is in the line and scope of the sheriff's employment, and that, because the deputy sheriff is a legal extension of the sheriff, providing medical attention is in the line and scope of the deputy sheriff's employment.  The court FINDS that such analysis in the previous Memorandum Opinion (doc. 21) applies to Kay and to the determination of the motion on behalf of his Estate, and the court adopts that analysis as to the Kay Estate's motion; the court FINDS that State sovereign immunity applies to bar the claims against Kay in Count II because he was acting within the line and scope of his employment as a deputy sheriff when he engaged in the conduct alleged in that Count.

The court will enter a separate Order denying the motion to alter and amend and dismissing the wrongful death claim in Count II against the Estate of Allen Kay pursuant to Rule

12(b)(1).  However, the court will not dismiss Kay's Estate as a party Defendant, because Count I asserts a claim that Kay was deliberately indifferent to Tucker's serious medical needs, and the motion to dismiss did not address that claim.

      Dated this 21st day of April, 2016.

                                                            KARON OWEN BOWDRE
                                                            CHIEF UNITED STATES DISTRICT JUDGE